## UNITED STATES DISTRICT COURT

## DISTRICT OF THE COMMONWEALTH OF MASSACHUSETTS

DAVID J. HARRIGAN, II,
Administrator of the Estate of
EDWARD P. HARRIGAN

      Plaintiff,

vs.

SUSAN SPAULDING, R.N.,
TOBEY HOSPITAL,

      Defendants

## COMPLAINT
## AND DEMAND FOR TRIAL BY JURY

1. The Plaintiff, David Harrigan, II, the Administrator of the Estate of Edward Harrigan, is a resident of the State of Maine.

2. The Defendant Susan Spaulding, a nurse registered to practice nursing in the Commonwealth of Massachusetts, resides in the County of Plymouth, Commonwealth of Massachusetts.

3. The Defendant Tobey Hospital, a health care service provider, is located at 43 Hight Street, Town of Wareham, County of Plymouth, Commonwealth of Massachusetts.

4. The United States District Court has jurisdiction over this matter on the basis of diversity of citizenship pursuant to 28 U.S.C., Sections 1332 and 1441 et seq., as the parties are citizens of different states and as the amount in controversy, without interests and costs, exceeds the sum of $75,000 as specified by 28 U.S.C. § 1332.

## COUNT I

5. At all times herein relevant, the Defendant, SUSAN SPAULDING, represented and held herself to be a registered nurse, skilled in the care and treatment of medical patients and in particular, represented to the Plaintiff's decedent that she was knowledgeable, competent and qualified to diagnose and treat plaintiff's decedent, EDWARD HARRIGAN.

1

6. On September 22, 2008, EDWARD HARRIGAN submitted himself to the care and treatment of the Defendant SUSAN SPAULDING, who by her negligence, carelessness, and lack of regard for the health, care and well-being of the Plaintiff's decedent, treated the Plaintiff's decedent in a manner resulting in his severe personal injuries and wrongful death.

7. The injuries sustained by EDWARD HARRIGAN were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment of the Defendant, SUSAN SPAULDING, including, but not limited to the following:

   a. Defendant's misrepresentations to EDWARD HARRIGAN that she was knowledgeable, skillful and competent to diagnose and treat his medical condition on September 22, 2008;

   b. Defendant's failure to adequately and properly recognize and/or diagnose EDWARD HARRIGAN's medical condition on September 22, 2008 and her failure to prescribe and/or provide proper and timely treatment for said condition;

   c. Defendant's failure to recognize, or have the knowledge to recognize her inability to diagnose and treat EDWARD HARRIGAN when the Defendant knew or should have known in the exercise of due care, the foreseeable consequences of her inability to properly and skillfully provide EDWARD HARRIGAN with acceptable medical and diagnostic services;

   d. Defendant's failure to possess or negligent failure to exercise the same degree of skill, training, and care as is possessed by average qualified members of the nursing profession taking into account advances in the profession;

   e. Defendant's failure to inform and to warn of the risks involved in or associated with EDWARD HARRIGAN's condition and failure to inform and to warn about the treatment of said condition.

8. As a direct and proximate result of the Defendant, SUSAN SPAULDING's negligence, carelessness, and unskillfulness, the Plaintiff's decedent, EDWARD HARRIGAN was caused to sustain severe and permanent personal injuries; has incurred great expense for his medical, and surgical care and treatment; suffered great pain of body and anguish of mind; was unable to pursue normal activities; had his ability to enjoy life permanently and adversely affected and suffered wrongful death.

WHEREFORE, the Plaintiff, DAVID HARRIGAN, as Administrator of the Estate of EDWARD HARRIGAN demands judgment against the Defendant, SUSAN SPAULDING, for the above-described personal injuries, together with interest and costs.

## COUNT II

9. The Plaintiff, DAVID HARRIGAN as Executor of the ESTATE OF EDWARD HARRIGAN repeats and incorporates by reference as if stated fully herein Count I, Paragraphs 1 through 8.

10. On or about September 22, 2008, the average qualified members of the medical profession practicing the Defendant, SUSAN SPAULDING's specialty knew or should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff's decedent, EDWARD HARRIGAN.

11. On or about September 22, 2008, the Defendant, SUSAN SPAULDING knew or should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff's decedent, EDWARD HARRIGAN.

12. On or about September 22, 2008, the Defendant, SUSAN SPAULDING did not inform Plaintiff's decedent, EDWARD HARRIGAN of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of him.

13. If the Defendant, SUSAN SPAULDING had informed the Plaintiff's decedent of the alternatives to and risks and potential consequences of the Defendant's choice of treatment, neither the Plaintiff's decedent nor a reasonable person in his position would have elected the Defendant's choice of treatment.

14. The alternatives to and the risks and potential consequences of the Defendant's choice of treatment were material to any decision by Plaintiff's decedent EDWARD HARRIGAN and a reasonable person in his position as to whether to undergo the Defendant's choice of treatment.

15. As a direct and proximate result of the Defendant SUSAN SPAULDING's failure to inform EDWARD HARRIGAN of the alternatives to and risks and potential consequences of the Defendant's treatment, EDWARD HARRIGAN was caused to sustain severe and permanent personal injuries; has incurred great expense for his medical, surgical, and hospital care and treatment; has suffered great pain of body and anguish of mind; has been hospitalized; was unable to pursue normal activities; had his ability to enjoy life permanently and adversely affected, and suffered wrongful death.

WHEREFORE, the Plaintiff, DAVID HARRIGAN, as Administrator of the ESTATE OF EDWARD HARRIGAN, demands judgment against the Defendant, SUSAN SPAULDING for the above-described personal injuries, together with interest and costs.

## COUNT III

16. The Plaintiff, DAVID HARRIGAN as Executor of the ESTATE OF EDWARD HARRIGAN repeats and incorporates by reference as if stated fully herein Counts I and II, Paragraphs 1 through 15.

17. At all times herein relevant, the Defendant, TOBEY HOSPITAL, by and through its agents, servants and/or employees represented and held itself to be a health services provider, skilled in the care and treatment of medical patients such as the plaintiff's decedent, EDWARD HARRIGAN, and in particular, represented to EDWARD HARRIGAN that its agents servant and/or employees were knowledgeable, competent and qualified to diagnose and treat plaintiff's decedent, EDWARD HARRIGAN.

18. On September 22, 2008, the Plaintiff's decedent submitted himself to the care and treatment of the Defendant TOBEY HOSPITAL, its agents, servants and/or employees, who by their negligence, carelessness, and lack of regard for the health, care and well-being of the Plaintiff's decedent, treated the Plaintiff's decedent in a manner resulting in her severe personal injuries.

19. The injuries sustained by the Plaintiff's decedent, EDWARD HARRIGAN, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment of the Defendant, TOBEY HOSPITAL, its agents, servants and/or employees, including, but not limited to the following:

   a. Defendant's misrepresentations to EDWARD HARRIGAN that it was knowledgeable, skillful and competent to diagnose and treat the Plaintiff's decedent's medical condition on September 22, 2008;

   b. Defendant's failure to adequately and properly recognize and/or diagnose the Plaintiff's decedent's medical condition on September 22, 2008 and its failure to prescribe and/or provide proper and timely treatment for said condition;

   c. Defendant's failure to recognize, or have the knowledge to recognize its inability to diagnose and treat EDWARD HARRIGAN when the Defendant knew or should have known in the exercise of due care, the foreseeable consequences of its inability to properly and skillfully provide EDWARD HARRIGAN with acceptable medical and diagnostic services;

   d. Defendant's failure to possess or negligent failure to exercise the same degree of skill, training, and care as is possessed by average qualified members of the medical profession taking into account advances in the profession;

   e. Defendant's failure to inform and to warn EDWARD HARRIGAN of the risks involved in or associated with his condition and failure to inform and to warn about the treatment of said condition.

20. As a direct and proximate result of the negligence, carelessness and unskillfulness of the Defendant, TOBEY HOSPITAL, its agents, servants and/or employees, the Plaintiff's decedent, EDWARD HARRIGAN was caused to sustain severe and permanent personal injuries; has incurred great expense for his medical, and surgical care and treatment; suffered great pain of body and anguish of mind; was unable to pursue normal activities; had his ability to enjoy life permanently and adversely affected and wrongful death.

WHEREFORE, the Plaintiff, DAVID HARRIGAN, as Administrator of the Estate of EDWARD HARRIGAN demands judgment against the Defendant, TOBEY HOSPITAL, for the above-described personal injuries, together with interest and costs.

## COUNT IV

21. The Plaintiff, DAVID HARRIGAN as Executor of the ESTATE OF EDWARD HARRIGAN repeats and incorporates by reference as if stated fully herein Counts I, II and III, Paragraphs 1 through 20.

22. On or about October 20, 2008 the Defendant TOBEY HOSPITAL conducted an investigation into the death of EDWARD HARRIGAN.

23. On or about October 20, 2008 the Department of Health and Human Services also conducted an investigation into the death of EDWARD HARRIGAN.

24. The result of both investigations were reports that indicate that EDWARD HARRIGAN'S death on September 22, 2008 was the result of medical errors made by SUSAN SPAULDING, R.N. and the agents, assigns and employees of the TOBEY HOSPITAL.

25. Despite this information, Defendant TOBEY HOSPITAL through its agents, assigns and employees informed the family of EDWARD HARRIGAN that he died of natural causes.

26. This information supplied to the family of EDWARD HARRIGAN concerning his cause of death was knowingly false and intended to mislead.

27. The Defendants' failure to accurately  and truthfully inform the family of EDWARD HARRIGAN of his cause actual cause of death constitutes a violation of M.G.L. c. 93A as unfair or deceptive acts or practices.

28. At all times Defendant Tobey Hospital was engaged in trade or commerce.

29. On April 28, 2011 The Plaintiff sent a written demand for relief pursuant to G.L. c.93A §9, identifying the claimants and reasonably describing the unfair and deceptive acts or practices relied upon and the injuries suffered. A copy of the demand letter is attached hereto as Exhibit A.

30. On August 22, 2011 Defendant Tobey Hospital represented by Counsel, replied to the Plaintiff's demand letter.

WHEREFORE, the Plaintiff, EDWARD HARRIGAN, as Administrator of the Estate of EDWARD HARRIGAN demands judgment against the Defendant, TOBEY HOSPITAL, for the above-described violation of Chapter 93A.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

Plaintiff,
By his Attorneys,


Kenneth M. Levine, BBO# 296850
Sheila E. Mone, BBO# 634615
KENNETH M. LEVINE & ASSOCIATES
370 Washington Street
Brookline, MA 02445
617-566-2700


DATED:  September 20, 2011

6